JUSTICE McDONOUGH
dissenting:
I respectfully dissent.
*359 The first issue is whether the Workers’ Compensation Court erred in determining that David Dale was injured in the scope and course of employment. The appellate scope of review is whether there is substantial evidence to support the findings and conclusions of the Workers’ Compensation Court. This is the same scope of review of a jury verdict. We have not adopted the broader clearly erroneous scope of review in workers’ compensation cases. The clearly erroneous scope of review is in essence the standard the Court by its decision is applying here.
The critical question is whether the claimant, an over the road truck driver, in leaving the rig and the truckstop, and going into Miles City proper and returning, made a substantial deviation from his employment. The action of the claimant here was a deviation. The ultimate fact question to be answered by a trial court is whether, under the facts, it was substantial. The burden of proof of a substantial deviation is on the employer. Steffes v. 93 Leasing Co., Inc. (1978), 177 Mont. 83, 89, 580 P.2d 450, 454.
First, claimant did not leave his route, which was between Townsend, Montana and Mt. Clemens, Michigan on Interstate 94. Miles City, Montana is on the route. The stop in Miles City was both personal and business. The employer was only interested in having the load delivered by a certain date. The driver is free to relax within such time period. There was no company policy against visiting relatives. Claimant was on his route and therefore within the employer’s policies. Eating, sleeping, resting and relaxation would be a proper dual purpose errand for a traveling trucker. Claimant’s use of alcohol was not the cause of injury. The above facts are substantial evidence for the Workers’ Compensation Court to determine the deviation to Miles City with his brother was not such a substantial deviation so as to sever his employment. There is also other substantial evidence to prove the contrary.
The Court, in its majority opinion, tries to distinguish the case of Gordon v. H.C. Smith Const. Co. (1980), 188 Mont. 166, 612 P.2d 668. The differences pointed out are splitting hairs without any meaningful distinction.
The Court also has discussed the four factors to be considered as set out in Ogren v. Bitterroot Motors, Inc. (1986), 222 Mont. 515, 522, 723 P.2d 944, 948. The claimant does well as to (1) and (3), but not as well as to (2) and (4). There is substantial evidence to support the fact finder what ever way it decides and this Court should not substitute *360 its judgment as to the ultimate fact of whether there is a substantial deviation from employment.
I also would affirm the Workers’ Compensation Court in its construction of § 39-71-407(3), MCA.
JUSTICE HUNT concurs in the foregoing dissent.